## BARLOW et al. v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. June 12, 1925.)

No. 1827.

1. **Criminal law** ⇐⇒1120(1) — **Bill of exceptions necessary to review of question whether evidence was unlawfully obtained.**

The appellate court cannot review the question whether evidence was unlawfully obtained, in the absence of a bill of exceptions containing the evidence.

2. **Criminal law** ⇐⇒1114(3)—**Charge held not reviewable, in absence of bill of exceptions.**

Various assignments of error as to the charge of the court in a prosecution for unlawful possession held not reviewable, in the absence of a bill of exceptions containing the evidence.

3. **Criminal law** ⇐⇒977(3)—**Time of imposing sentence discretionary.**

It is discretionary with the trial judge when he will impose sentence.

In Error to the District Court of the United States for the District of Massachusetts; John A. Peters, Judge.

Criminal prosecution by the United States against Maurice Barlow and another. Judgment of conviction, and defendants bring error. Affirmed.

George R. Farnum, of Boston, Mass. (Harold P. Williams, of Boston, Mass., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. The defendants, Maurice and Louis Barlow (plaintiffs in error), were indicted in the federal District Court for Massachusetts under the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) on two counts. The first count charged that, on the 13th day of March, 1924, they unlawfully sold a quantity of intoxicating liquor, to wit, one pint, more or less; the second, that on the 13th day of March, 1924, they unlawfully possessed a quantity of intoxicating liquor, to wit, 2½ pints, more or less. There was a trial by jury. They were found guilty on both counts, and each was sentenced for a term of two months in the House of Correction at East Cambridge.

In their assignments of error the defendants complain that the court erred (1) in denying their motion that "the evidence be suppressed in regard to the possession of intoxicating liquor on ground that said evidence was illegally obtained"; (2) in refusing to charge "that the evidence of possession was illegally obtained and could not be used"; also in charging the jury "that the mere possession of liquor would warrant a finding of guilty under the second count," and "that if the jury believed the defendant Maurice Barlow, in his statement that he served the liquor, he was guilty under the second count"; (3) that it erred in instructing the jury "that a defendant charged with crime has a strong incentive to falsify the facts, more so than a disinterested witness"; (4) that it erred in charging that "the prohibition officers had a right to take liquor on the premises after having seen it"; (5) that it also erred in charging the jury "that it might be inferred that Louis Barlow, the proprietor of the building, must have known that the liquor was in the showcase, because the showcase must have been opened at least once every few minutes in the course of business, and, if that is so, Louis Barlow can be held as principal"; and (6) that it erred in refusing defendants' request for a stay of sentence.

[1] The defendants' bill of exceptions is very meager. It does not contain the evidence introduced at the trial. Without it we cannot say that evidence as to defendants' possession of intoxicating liquor was illegally obtained and should have been suppressed. It was incumbent upon the defendants, if they desired to have such a question considered, to have embodied the evidence in their bill of exceptions.

[2] The charge of the court to the jury, also, is not set out in the bill of exceptions. Without it and the evidence we cannot say

that the alleged ruling "that the mere possession of liquor would warrant a finding of guilty under the second count" was erroneous. If there was evidence that the defendants had no permit entitling them to possess the liquor, their possession of it in their tobacco shop would warrant a finding of guilty under the second count, and the charge would be correct. Without the evidence, however, we cannot decide the question.

The second count is based upon unlawful possession. As to this count it is contended that the court erred in its charge that, "if the jury believed the defendant Maurice Barlow in his statement that he served the liquor, he was guilty under the second count." We see no objection to this instruction, if given, for, if the defendant Maurice Barlow testified that he served the liquor, he must have had it in his possession, and, if the unreported evidence showed that, at the time he served it, he was selling it or had no permit for its possession, his possession would be unlawful.

The charge complained of in the third assignment presents no legal error.

Whether the charge complained of in the fourth assignment was erroneous or not depends also upon the evidence. There is nothing here to show that any liquor was illegally seized, or that, if it was, it was put in evidence.

The fifth assignment stands the same as the others. A proper consideration of it requires a knowledge of the evidence presented at the trial. If the evidence showed that the defendants, Louis and Maurice Barlow, were conducting a small shop for the sale of cigars and kept liquor in a showcase, from which Maurice took the liquor and sold it on the 13th of March, 1924, and that Louis was the owner of the business, and was present at the time Maurice made the sale, we think the jury might reasonably be told that they might infer that Louis knew the liquor was in the showcase and that he might be held as principal. But this is mere conjecture, for the evidence is not reported.

[3] The defendants take nothing by their sixth assignment. It was discretionary with the District Judge as to when he would impose sentence.

The defendants apparently concede that their case is without merit, for they have not undertaken to support it by brief or argument.

The judgment of the District Court is affirmed.