## BOYER v. UNITED STATES.

### No. 8511.

Circuit Court of Appeals, Fifth Circuit.

Nov. 24, 1937.

W. O. Cooper, Jr., of Macon, Ga., for appellant.

T. Hoyt Davis, U. S. Atty., and H. G. Rawls, Asst. U. S. Atty., both of Macon, Ga.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellant was convicted of unlawfully possessing unstamped and tax unpaid whisky and sentenced to serve a year and a day in the Atlanta penitentiary. He assigns error to the refusal of the court to grant a continuance of the trial; to the overruling of a motion to suppress evidence obtained by search of his premises; and on the ground that the evidence is not sufficient to support the conviction.

Briefly stated, the material facts appearing from the record are these: On January 12, 1937, Stewart, an investigator of the alcohol tax unit, and Smith, another officer, arrested one Collins, who at the time had in his possession one gallon of unstamped, tax unpaid whisky in his automobile. Collins told the officers that he had bought it from appellant, Boyer, at his store. The officers went to Boyer's store, which was only a few blocks away, with Collins. There Stewart went into the store and made inquiry for Boyer. Stewart testified Boyer came into the store from the kitchen and had a gallon jug of whisky in his hand, which he saw was unstamped. In answer to Stewart's inquiry, Boyer told him the jug contained whisky. Stewart did not have a search warrant, but Boyer told him he had no objection to his looking around. Stewart found about a gallon and a half of other unstamped, tax unpaid whisky in Boyer's kitchen. In an untenanted house next door to Boyer's store, he found some 18 gallons of unstamped, tax unpaid whisky. Boyer had a key to this building and accompanied Stewart in making his search. Boyer testified that he asked Stewart if he intended making a case out of the occurrence, and Stewart said he would be easy on him, and he told Stewart he had sold the whisky to Collins. He also testified he had the whisky in his home for his own use, with no intention of selling it. He disclaimed any knowledge of the whisky in the house next door. Boyer was taken before a United States Commissioner, pleaded guilty to the charge, was remanded to the grand jury, and released on bail. Notwithstanding his previous statements, he later denied that he had sold any whisky to Collins. The indictment was returned against Boyer and Collins on March 11, 1937. It contained only one count against Boyer, simply charging unlawful possession of unstamped tax unpaid liquor.

The case was put on the trial docket for a hearing in May, 1937. Boyer retained Mr. W. C. Cooper as his counsel. When the case was called for the purpose of setting the trial date, Cooper stated that because his presence was required in a state court he would be unable to represent Boyer, and asked for a continuance until he had finished his business in the state court or for the term. This was denied. Boyer subsequently engaged Mr. T. A. Jacobs to represent him. The next day when the case was called he also asked for a continuance, and this motion was also denied. However, appellant was not put on trial until two or three days thereafter. Before going to trial counsel for appellant moved to suppress the evidence obtained by the search of Boyer's premises and to have the question of fact submitted to a jury. The judge overruled this motion, but heard the evidence fully himself, which was as above set out. The main contention was that from where Stewart was standing in Boyer's store he could not tell what was in the jug Boyer was holding or whether it was properly stamped, and could not see into the kitchen beyond the store. The trial judge went to the trouble of visiting the premises himself, and after doing so denied the motion to suppress the evidence. On the trial of the case the evidence introduced was practically the same as above set out.

It was within the sound discretion of the District Court to grant or refuse the continuance. The case presented was very simple, and ample time was allowed appellant to consult with his counsel and for the latter to prepare the defense before the trial was actually begun. There was no abuse of discretion. Isaacs v. United States, 159 U.S. 487, 16 S.Ct. 51, 40 L.Ed. 229.

It was also within the province of the court to determine for himself without the intervention of a jury, whether the evidence secured by the search should be suppressed. Steele v. United States, 267 U.S. 505, 45 S.Ct. 417, 69 L.Ed. 761. But that he did not err in denying the motion is plain.

There is no doubt whatever that Boyer admitted to Stewart he had sold the liquor to Collins and that he had unstamped, tax unpaid liquor in his possession in his kitchen, which adjoined the store, with a connecting door. It is also certain that he made no objection to the search. In these circumstances, a search warrant was unnecessary.

Notwithstanding Boyer's denial at a subsequent time that he had sold the liquor to Collins and his explanations as to why he had previously admitted doing so, as well as his excuse of having the liquor merely for his own use, there was sufficient evidence before the jury to support the conviction.

·Other errors assigned require no discussion. The record presents no reversible error.

Affirmed.