### BANKEY v. SANFORD, Warden.
### No. 2231.

District Court, N. D. Georgia,
Atlanta Division.

July 1, 1947.

William F. Bankey, in pro per.

J. Ellis Mundy, U. S. Atty., and Harvey H. Tysinger and F. Douglas King, Asst.

U. S. Attys., all of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

Petitioner was sentenced January 3, 1945, in the District Court of the United States for the Eastern District of Michigan, Northern Division, upon his plea of guilty to two indictments charging Sending a Threatening Communication in Interstate Commerce by Telephone, 18 U.S.C.A. § 408d(c), and Escape from Federal Custody, 18 U.S.C.A. § 753h, to serve consecutive terms of two and five years, respectively, aggregating seven years.

By a second application for writ of habeas corpus petitioner seeks discharge from custody upon the grounds that he was not afforded the assistance of counsel, but "pushed through a United States Federal Court hurry scurry, without due process of law," and that sentence was imposed upon him and vacated four hours later and a new sentence imposed on a different charge; and that the proceedings were not reported by a Court Reporter as provided by law. Rule nisi was issued, response made, and traverse interposed.

The record recites, the petition admits, and the traverse reiterates that petitioner was offered and refused the assistance of counsel. "Under appropriate circumstances the Constitution requires that counsel be tendered; it does not require that under all circumstances counsel be forced upon a defendant." Carter v. People of State of Illinois, 329 U.S. 173, 67 S.Ct. 216, 218. "In a criminal prosecution in a federal court, an accused, in the exercise of a free and intelligent choice and with the considered approval of the court * * * may waive his constitutional right to the assistance of counsel." Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268, 143 A.L.R. 435.

Concerning the contention that petitioner was hurried through the legal proceedings without due process of law, it appears from the record that he voluntarily entered pleas of guilty. There would seem to be no arbitrary time limit within which the Court may act after reception of such a plea. "The plea on arraignment has its proper function. It is necessary to inform the court how to proceed with the trial. * * * Likewise the plea of guilty is not evidence for the Government. * * * It is rather a formal criminal pleading, a waiver of trial and defense, a submission without contest. It does not create, it dispenses with evidence." Wood v. United States, 75 U.S.App.D.C. 274, 128 F.2d 265, 273, 141 A.L.R. 1318. "A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence." Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009. After the plea of guilty had been entered, "it was discretionary with the District Judge as to when he would impose sentence" (Barlow v. United States, 1 Cir., 6 F.2d 105, 106), but the Rules of Criminal Procedure After Plea of Guilty, Verdict or Finding of Guilt, 28 U.S.C.A. following § 723a, which were then of force, required that sentence "be imposed without delay." No prejudice to petitioner appears from the mere fact of prompt sentencing.

It is insisted that a sentence imposed upon petitioner was vacated after service of same had been begun. If, as the petition charges, a five year term was vacated and a two year term imposed upon a different charge, no prejudice would seem to have resulted.

Certainly, vacating a sentence imposed in one case and imposing a sentence in an entirely different case indicates nothing to invalidate the latter sentence. Conceding, however, that the two sentences were in the same case, and assuming that service of same had been actually begun, "a sentence may be reduced after it has been partly served, but it may not be augmented." Oxman v. United States, 8 Cir., 148 F.2d 750, 753, 159 A.L.R. 155, certiorari denied 325 U.S. 887, 65 S.Ct. 1569, 89 L.Ed. 2001. Reduction of the term was a benefit rather than a detriment to petitioner.

Failure of the District Judge to require the proceedings reported in accordance with 28 U.S.C.A. § 9a does not invali-

date a judgment based upon a plea of guilty. Compare Ricard v. United States, 5 Cir., 148 F.2d 895.

No ground for writ of habeas corpus has been established.

Whereupon, it is considered, ordered and adjudged that the application for writ of habeas corpus is hereby denied and the petition dismissed.