John M. Smith, Jr., Philadelphia, Pa., for defendant.

## UNITED STATES v. ROSSELLO.
### Cr. No. E–5238.

United States District Court
W. D. Pennsylvania.

Oct. 9, 1952.

BURNS, District Judge.

After a trial lasting more than five days, defendant has been found guilty of the four counts of the indictment which charge him with conspiracy to rob a national bank and the substantive offenses issuing therefrom. With the recollection of the testimony and the trial proceedings still fresh, this Court is of the opinion that all constitutional rights of defendant were adequately protected and that the conviction of defendant was amply warranted by the evidence.

Accordingly, upon receiving the verdict of the jury and having that verdict confirmed by a poll taken at the request of counsel for defendant, this Court denied the request of counsel for defendant that the entry of judgment on the verdict and sentencing be deferred until a later date. This Court, at the time of denying the aforesaid request by counsel for defendant, had available to it the pre-sentence investigation called for by Rule 32(c) (1) of

the Federal Rules of Criminal Procedure, 18 U.S.C.A. Federal Rules of Criminal Procedure, rule 32(c) (1); and this presentence report was consulted and utilized in determining what the sentence imposed upon defendant should be. See People of Virgin Islands v. Price, 3 Cir., 1950, 181 F.2d 394, 396. As far as is known to this Court, neither defendant nor counsel for defendant had been given reason to believe or assume that sentencing of defendant, in the event of a conviction, would be deferred. Prior to the actual imposition of sentence, defendant did have the opportunity to come forward with any testimony or statements appropriate for consideration by the Court in mitigation of the offenses. It might not be inappropriate to note that Richard Anthony Avellino, found by another jury to have participated in this same offense, was sentenced by this Court to imprisonment for nine years, only one year less than the sentence imposed upon defendant; and, whereas there was no record of prior convictions of Avellino, defendant had a serious prior record and, in fact, was on parole at the time this offense was committed.

■ Consequently, this Court believes that the swift imposition of sentence upon this defendant was warranted by the circumstances. See United States v. Tannuzzo, 2 Cir., 1949, 174 F.2d 177, 181, certiorari denied, 1949, 338 U.S. 815, 70 S.Ct. 233, 94 L.Ed. 551, and see Barlow v. United States, 1 Cir., 1925, 6 F.2d 105, 106.

■ In view of the foregoing, this Court saw no useful purpose for withholding its action until defendant filed a motion for judgment of acquittal or a motion for a new trial. Defendant has now filed a motion for judgment of acquittal. Whether this Court has the power to act upon the motion as such, or to treat it as a motion to vacate the judgment and enter a judgment of acquittal, may be left to a situation where, on the merits, there is some likelihood that the moving party could meet with success. In the instant case, this Court was satisfied that justice has been done, and that the judgment should stand.

Defendant has also filed a motion for a new trial. No useful purpose could be served in hearing oral argument on this motion, since this Court is of the opinion that the trial was free of error prejudicial to defendant, and that the able, vigilant counsel for defendant insured the presentation of the defense in the best possible light.