**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Raymond W. SCHWENKE, Defendant-Appellant.**

**No. 196, Docket 23341.**

United States Court of Appeals Second Circuit.

Argued Feb. 17, 1955.

Decided April 12, 1955.

George C. Dix, New York City, for appellant.

Leonard P. Moore, Brooklyn, N. Y. (Cornelius W. Wickersham, Jr., Brooklyn, N. Y., of counsel), for appellee.

Before FRANK and MEDINA, Circuit Judges, and BRENNAN, District Judge.

PER CURIAM.

Defendant is a native of Germany who has lived in the United States since he was three years old but who has never acquired American citizenship. In June, 1942, he duly registered under the Selective Service Act[1] and, in November, 1942, he duly filed his draft questionnaire with Local Board No. 244. The Board ordered him to report for a physical examination. Defendant appeared at the examination center as ordered, but refused to submit to the examination on grounds that he was an alien enemy, and believed that he would waive his rights to an exemption as an enemy alien by submitting to the examination. In February 1943, he was arrested and indicted for violation of the Selective Training and Service Act of 1940, in that he "did unlawfully, wilfully and knowingly fail and neglect to perform a duty required of him under and in the execution of said Act * * *." On March 30, 1943, while represented by counsel, defendant withdrew his earlier plea of not guilty and entered a plea of guilty; he was then given a three-year sentence. Defendant now moves to set aside the judgment of conviction and to withdraw his plea of guilty. This motion was denied without opinion by Judge Inch, and is before us on appeal.

1. Defendant contends that he was entitled to be classified in Class IV–C Non-declarant alien; that, under the Second Hague Convention of 1907, to which the United States is a signatory, he could not be compelled to take part in operations of war against Germany, and that therefore the Board had no pow-

1. Now 50 U.S.C.A.Appendix, § 451 et seq.

er to order him to undergo a physical examination. But the Selective Service Regulations then provided that registrants must submit to physical examinations before the Board would consider such claims for exemption. There is no showing that the Board was not prepared to give full consideration to his claim, if the results of the physical examination should show him otherwise fit for military service. · ·

■ 2. Defendant alleges that he was advised by the Assistant United States Attorney in charge of his case, his "superior,"[2] and his own attorney, that he should plead guilty. Since he was in fact guilty, he was probably well advised to so plead.

■ 3. The defendant also contends that he was denied a right owing to him, in that no presentence investigation and report, for the benefit of the sentencing judge, was ever made, as required by F.R.Crim.Proc. rule 32(c), 18 U.S.C.A. But that Rule permits a judge to dispense with the investigation and report if, in his discretion, he determines the investigation and report to be unnecessary; and, by proceeding to impose sentence without the report, the judge, in effect, exercised his discretionary power to dispense with it. United States v. Karavias, 7 Cir., 170 F.2d 968, 971–972.

Affirmed.

MEDINA, Circuit Judge (concurring).

Defendant, having served his sentence, makes this application to clear his record and remove an impediment to the granting of his request to be permitted to take the New York Dental licensing examination. At the time he filed his questionnaire with his Local Draft Board on November 27, 1942, he was a student at Columbia University and, after his release in 1945, he took a predental course and graduated in June 1953, with honors, from Pennsylvania University Dental School. Immediately thereafter he registered under the 1953

Doctors and Dentists Draft Law, was classified 1–A and accepted for service.

There is no reason to doubt his statement that as a German national he did not wish to join the armed forces in conflict with Germans. Neither his feelings in the matter, nor his erroneous belief that, if he submitted to the physical examination, he would waive any rights he might have to object to such service as an enemy alien, involved moral turpitude so far as I can see. But we cannot trespass upon the field allotted to those who exercise the power of clemency. Technically, there is no flaw in the proceedings leading to this judgment of conviction. Accordingly, I concur.