Trent **BOYES**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 21885.

United States Court of Appeals Fifth Circuit.

Dec. 10, 1965.

Lee A. Chagra, El Paso, Tex., for appellant.

Fred Morton, Mario J. Martinez, Asst. U. S. Attys., El Paso, Tex., Ernest Morgan, U. S. Atty., San Antonio, Tex., Jamie C. Boyd, Asst. U. S. Atty., El Paso, Tex., for appellee.

Before RIVES, WISDOM and GEWIN, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of a motion to vacate sentence, 28 U.S.C.A. § 2255, by the United States District Court for the Western District of Texas. Appellant was arrested in 1955 while in the Western District of Texas and held there for alleged bank robberies in Missouri, Ohio and Oklahoma in violation of 18 U.S.C.A. § 2113(a) and (d). He pleaded guilty, waived venue, requested a transfer of the cases and consented to

be sentenced by the District Court for the Western District of Texas pursuant to Rule 20 F.R.Crim.P. He also waived his rights to (1) preliminary hearing; (2) counsel; and (3) indictment by a Grand Jury (electing to proceed on informations pending against him in the other Districts). The District Court accepted his plea of guilty and sentenced him to three 25 year terms of imprisonment, two of which are running concurrently.

Appellant now claims (1) the District Court had no jurisdiction to accept his plea of guilty and to sentence him because Rule 20 F.R.Crim.P. violates Article III, Section 2, Clause 3 of the Constitution;[1] (2) he was denied his right to appeal by the failure of the District Court to inform him of such right as required by Rule 37(a)(2) F.R.Crim.P.; and (3) his several waivers were invalid because he was never fully advised of his rights.

■ Article III, Section 2, Clause 3, providing for trial in the state in which the crime was committed, is a *venue* provision, and rights created thereby may be waived. Earnest v. United States (6 Cir. 1952) 198 F.2d 561; United States v. Gallagher (3 Cir. 1950) 183 F.2d 342, cert. den. 340 U.S. 913, 71 S.Ct. 283, 95 L.Ed. 659; Levine v. United States (8 Cir. 1950) 182 F.2d 556, cert. den. 340 U.S. 921, 71 S.Ct. 352, 95 L.Ed. 665; Hilderbrand v. United States (10 Cir. 1962) 304 F.2d 716.

■■ The pertinent provisions of Rule 37(a)(2) state, " * * * [w]hen a court *after trial* imposes sentence upon a defendant not represented by counsel, the defendant shall be advised of his right to appeal and if he so requests, the clerk shall prepare and file forthwith a notice of appeal on behalf of the defendant." (emphasis added) Appellant here pleaded guilty and did not have a trial; therefore, Rule 37(a)(2) does not require the District Court to inform him of his right to appeal. The rule does not apply because the sentence was not imposed after trial, but after a plea of guilty which was entered voluntarily, with full understanding, and intelligent waiver following repeated explanations of all rights involved by the District Attorney and the trial court. See Jackson v. United States (4 Cir. 1956) 231 F.2d 653; Bankey v. Sanford, 74 F.Supp. 756, aff'd. 165 F.2d 788 (5 Cir. 1947), cert. den. 333 U.S. 847, 68 S.Ct. 649, 92 L.Ed. 1130; Bouvier's Law Dictionary, Unabridged (Rawle's Third Revision) Vol. 2, p. 3320.

■ A careful reading of the record makes it abundantly clear that appellant was well advised of his rights and the consequences of waiving them. He was fully aware of what he was doing and was not denied due process by anything which transpired. A full and complete plenary hearing at which petitioner was present was conducted and the District Court entered findings of fact and conclusions of law with which we fully agree.[2]

The judgment of the District Court is affirmed.

---

1. "Clause 3. The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed."

2. See memorandum opinion in Boyes v. United States, 372 U.S. 242, 10 L.Ed.2d 409, wherein the Supreme Court by per curiam order vacated judgment of this court, granted certiorari, leave to proceed in forma pauperis, and remanded the case to the district court for further consideration in the light of Sanders v. United States, 371 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 1048.