**UNITED STATES of America,**
**Appellee,**

v.

**Gary JERCHA, Appellant.**

**No. 71-2474.**

United States Court of Appeals,
Ninth Circuit.

Feb. 25, 1972.

Rehearing Denied June 16, 1972.

Max Gest, Los Angeles, Cal., for appellant.

William D. Keller, U. S. Atty., Eric A. Nobles, Chief, Criminal Division, Paul H. Sweeney, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, KOELSCH and CHOY, Circuit Judges.

PER CURIAM.

Gary Jercha appeals from the judgment of the district court convicting him of refusing to comply with an order of the local Selective Service Board to submit to induction into the armed forces of the United States. 50 U.S.C. App. § 462(a). None of his four assignments has merit.

▇ A. Appellant lacks standing to attack the validity of the purported Order to Report for Induction.[1] He did

---

1. The name of the issuing officer was typed on the order form, not "written in pen and ink by the person signing" (32 C.F.R. 1606.24). This court, in United

appear for induction pursuant to the direction of the order.

■ B. The Board did not deprive appellant of due process by directing him to file "immediately" the form 150 on which he set out a claim for exemption on conscientious objection grounds.[2] The Board was powerless to consider such a claim, for the hard fact appears that appellant requested the form after receipt of the order to report for induction. Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971).

■ C. The district court did not, as appellant contends, lack "(subject matter) jurisdiction over the case."

■ True, the offense was committed in the Northern District of California and trial was held in the Central District of that state. However, Art. III, Sec. 2, cl. 3 and Amendment 6 of the Constitution, which guarantee an accused the right to be tried in the State and district where the crime was committed are venue provisions. The accused may waive that right [Boyes v. United States, 354 F.2d 31 (5th Cir. 1965) ] and his motion to change venue, if intelligently made, constitutes a waiver, Jones v. Gasch, 131 U.S.App.D.C. 254, 404 F.2d 1231 (1967).

■ D. Lastly, the trial judge's casual observation, made early in the proceedings, that defendants in selective service cases "usually get three years when they are convicted", coupled with the fact that appellant received a three year sentence, does not, in our opinion suggest that the judge failed to "individualize" this defendant or that he was influenced by improper considerations. United States v. Weston, 448 F.2d 626 (9th Cir. 1971).

The judgment is affirmed.

States v. Cralle, 9th Cir., 415 F.2d 1065, 1067 (1969) has held that "the fact that the order in the file was unsigned can be of no avail to the appellant."

2. Appellant in his brief calls attention to his pending application to the Board for

permission to perform civilian work in lieu of service in the armed forces. However, only those registrants classified 1-O are eligible for such work (32 C.F.R. 1660.10). Appellant's classification was 1-A.