COMMONWEALTH *vs.* GEORGE BURKETT. April 30, 1975. The defendant pleaded guilty on January 31, 1974, to indictments for armed robbery (No. 76268), unlawfully carrying a sawed-off shotgun in a motor vehicle (No. 76269), and unlawfully carrying a revolver in a motor vehicle (No. 76270). The court was apprised on that day of the conflicting interests of the prosecution and the defendant as to the desired time for imposition of sentences. The assistant district attorney expressed his interest in delaying sentencing until after the trial of a codefendant, while the defendant made known his desire for immediate sentencing in order that a Federal judge, in a case pending against him in the Federal court, could impose a sentence to run concurrently. The court inquired of the assistant district attorney as to what sentence he was going to recommend, and he replied, "committal, nine to twelve, M.C.I. Walpole." The court then continued the case for disposition until March 22, 1974. On March 15, 1974, the defendant filed a motion to grant appropriate relief for failure of the district attorney to comply with G. L. c. 279, § 3A. That motion was denied on March 22 (and an exception taken), and the defendant was sentenced to five to seven year terms (to be served concurrently) on each of the three indictments. 1. The defendant claims, by way of a bill of exceptions, that the assistant district attorney failed to move for sentencing within seven days of the defendant's guilty pleas, in accordance with G. L. c. 279, § 3A. While we have some doubt as to whether the defendant can properly argue this question before us in view of his failure to take an exception to the court's decision on January 31 to continue the case for disposition until March 22 (see *Commonwealth* v. *Foley,* 358 Mass. 233, 236 [1970]), we nevertheless conclude, in agreement with the judge who denied the defendant's motion, that the recommendation of the assistant district attorney on January 31 was substantially a motion for sentence. The time for imposition of sentence was thereafter within the discretion of the court. See *Commonwealth* v. *Kossowan,* 265 Mass. 436, 438 (1929); *Barlow* v. *United States,* 6 F. 2d 105, 106 (1st Cir. 1925). See also *Commonwealth* v. *Lammi,* 310 Mass. 159, 162 (1941); *Welsh* v. *United States,* 348 F. 2d 885 (6th Cir. 1965); *United States* v. *Kelly,* 349 F. 2d 720, 766 (2nd Cir. 1965), and cases

cited; 24 C.J.S., Criminal Law, § 1564 (1) (1961). 2. The Commonwealth is in agreement with the defendant's contention that the sentences imposed on indictments No. 76269 and No. 76270 exceeded the maximum penalties provided by statute for those offenses. See G. L. c. 269, § 10, as amended through St. 1972, c. 312, § 5. Although no exception was taken by the defendant to the imposition of those sentences, we vacate them pursuant to our power as expressed in *Commonwealth* v. *Conroy,* 333 Mass. 751, 756-757 (1956), and remand the case to the Superior Court for the imposition of new sentences on indictments No. 76269 and 76270. These sentences shall take into consideration any deductions for time earned. See *Lewis* v. *Commonwealth,* 329 Mass. 445 (1952).

*So ordered.*

*Susan J. Baronoff* for the defendant.
*Philip T. Beauchesne,* Assistant District Attorney, for the Commonwealth.