## RIES v. DODSON.
### No. 4460.

Circuit Court of Appeals, Third Circuit.
Dec. 27, 1930.

George Morrow, of Scranton, Pa., for appellant.

E. F. McGovern and Richard B. Sheridan, both of Wilkes-Barre, Pa., for appellee.

Before WOOLLEY, Circuit Judge, and THOMSON and WATSON, District Judges.

THOMSON, District Judge.

The plaintiff, a resident of Iowa, sues defendant in trespass for cutting and carrying away plaintiff's timber, claiming also further damages to other timber. The defendant, in his answer, denies the trespass, and avers that the cutting and taking of the timber was under a right obtained from the plaintiff in a written bill of sale. Defendant's motion for a compulsory nonsuit, and his later motion for binding instructions, were both overruled, the case submitted to the jury, resulting in a verdict for the plaintiff. From the judgment entered on the verdict, this appeal is taken.

The timber in question was conveyed by a written bill of sale. The paper was drawn up at the instance and by the directions of the plaintiff, the defendant not being present. Payment for the purchase price was withheld until the bill of sale was drawn up, signed, and delivered.

Parol testimony was offered by the plaintiff, not, as is claimed, to vary the terms of the written contract, but ostensibly to find out what the parties meant by its terms. This resulted in a contest as to what Mrs. Dodson intended to convey as distinguished from what she expressed in her contract or bill of sale.

■ In effect, the learned judge submitted this contract to the jury, and allowed them to determine, aliunde the contract, what Mrs. Dodson intended to convey, as distinguished from submitting to the jury a question as to what the parties agreed upon as expressed in the written contract. What the parties agreed upon must be determined by the terms of the contract itself, except in case of ambiguity, in which event the contract might be submitted to the jury to determine its terms outside of its written words. It is perfectly clear that Spruks, who conveyed to Ries, never agreed to, or intended to, purchase what Mrs. Dodson now claims was intended to be conveyed by her.

■ It appears to us that the contract, under which the timber was conveyed, is free from ambiguity. It is clear and specific in its terms. The plaintiff granted and conveyed to the defendant, "his heirs, executors and assigns," a certain lot of timber standing on part of the following described parcel or lot of land, bounded and described as follows: (Here follows a detailed description of the land by courses, distances, adjoiners, and boundaries.) Then follows a description of the timber sold, which paragraph constitutes the source of the dispute. The words describing the timber sold are as follows:

"Said Timber being described as follows, viz.: 'That Timber which stands in a compact Tract South of the fields which lies South of the Barn on said farm, and on the south of the road leading from said barn to Beach Haven: Save only, such Timber and trees as are herein excepted, viz.: The Maple Grove adjacent to the tract aforesaid, also a small field of five acres located within the tract aforesaid, also scattering trees in the adjoining fields and along the fences and roadways. And none of the trees herein described are to be cut, removed, destroyed or injured.' "

The words describing the timber sold are plain enough. On its face they mean a tract of timber not broken up by fields or untimbered land. While we are not here dealing with the evidence, that shows that there was only one tract of timber, and that it was a compact tract extending from the valley south of the field south of the road clear up the mountainside. After describing the tract of timber thus conveyed, certain timber was excepted from the grant. These consisted of a maple grove adjacent to the tract aforesaid, a small field of five acres located within the tract aforesaid, and also "scattering trees in the adjoining fields and along the fences and roadways." In these plain words the timber conveyed was described.

In the face of these provisions of the contract, she offered and was allowed to prove that what she intended by the use of the word "compact" mass was all the trees on the mountainside, except those on a tract of about forty-five acres, which had been partly cut off by Rittenhouse some years before, which tract was not separated from the rest of the tract in any way. The plaintiff claims that she meant that the Rittenhouse tract of forty-five acres was to be excepted. No such exception appears in the wording of the contract, but she did except therein a five-acre field located within the Rittenhouse tract, but

described in the contract as "located within the conveyed tract aforesaid."

From this it necessarily follows that, if the five-acre field was located within the tract aforesaid, that is, within the tract it deeded, the land around the five-acre field was a part of the tract deeded. But now the plaintiff says it was a part of the Rittenhouse tract excepted. If the plaintiff's contention could be maintained, then the five-acre tract was located within a larger area of forty-five acres, which was also excepted, making the five-acre tract excepted twice.

Counsel for Mrs. Dodson was asked during the argument where in the deed did he find the Rittenhouse tract excepted, and he replied in the words "also scattering trees in the adjoining fields and along the fences and roadways." The words of the contract could not admit of any such interpretation.

In our opinion, Mrs. Dodson should be held to the terms of her written conveyance, which is entirely intelligible both in respect to the lands granted and the lands excepted. Any conversations which the parties had, prior to the execution of the contract, are clearly presumed to have been merged and embodied in the written agreement which followed, and any evidence of such conversations should have been excluded. To admit the evidence was in practical effect to permit the jury to modify and change a valid written contract, where neither fraud, accident, nor mistake is alleged.

The judgment is therefore reversed, and a new trial awarded.

Judge WATSON took no part in the decision of this case.