## UNITED STATES v. WALKER CO. et al.
### No. 8785.

Circuit Court of Appeals, Third Circuit.
Argued July 23, 1945.
Decided Dec. 11, 1945.

George R. Sommer, of Newark, N. J., for appellants.

Vincent E. Hull, of Newark, N.J. (Thorn Lord, U. S. Atty., of Newark, N. J., on the brief) for appellee.

Before BIGGS, WALLER, and McLAUGHLIN, Circuit Judges.

BIGGS, Circuit Judge.

The appellants were found guilty on counts of an information filed in the court below. In some counts the appellants were charged with unlawfully demanding and receiving rents for apartments on various dates in 1942 in excess of the maximums allowable under the regulations promulgated pursuant to the Emergency Price Control Act of 1942, 56 Stat. 24, 50 U.S.C.A. Appendix, § 901 et seq., viz., the rentals charged on March 1, 1942. Other counts charged the appellants with the wilful filing of false registrations in respect to the rentals. Only one question presented by the appeal requires discussion.

The substance of the individual appellants' defense, and hence that of the corporate defendant, lies in a contention that they accepted in good faith and relied upon a written statement of apartment rentals as of the critical date, March 1, 1942, allegedly given by Minah, the superintendent of the apartment house, to Charles H. Walker. Charles H. Walker testified that he prepared from this list the registrations of rentals filed by him with the Rent Director of the Office of Price Administration and that the amounts collected from the tenants were these. H. Vivian Walker testified that the rentals collected by her were in accordance with the amounts shown on the list. Neither appellant, however, called Minah as a witness or produced the list. The trial judge commented on these facts in his charge to the jury. Exceptions were taken by the appellants.

Upon argument of motions in arrest of judgment counsel for the appellants referred to an affidavit executed by Charles H. Walker stating that since the entry of the verdicts he, Walker, had learned of Minah's death on September 11, 1942. The appellants, citing United States v. Laudani, 3 Cir., 134 F.2d 847, 851, 852, assert that since Minah was dead and could not have appeared as a witness it was prejudicial for the trial court to have made the comments objected to which necessarily brought to the minds of the jury the inference that Minah was alive and could have been called.

In the Laudani case the United States Attorney had argued to the jury that the defendant should have produced as his witnesses the many employees, at least a hundred in number, whom he was not charged by the indictments with having induced to give up to him a portion of their wages, in order that they might testify that he had never exacted anything from them. Citing Hall v. United States, 4 Cir., 256 F. 748, 750, 751, and Hamburg-American Steam Packet Co. v. United States, 2 Cir., 250 F. 747, 768, we concluded that the argument of the prosecutor constituted reversible error since the evidence, if produced, would not have been competent and admissible as relevant and material to the issues.

In the case at bar it was necessary for the jury to find whether the appellants had acted, as they contended, innocently of any criminal intent relying on Minah's list, or had acted with guilty minds. The appellants' failure to produce the list which Charles H. Walker testified had been given him by Minah was properly subject to the inference that the appellants either could not do so or feared to do so. The propriety of the court's comment may not be doubted. It is a general principle that failure to produce evidence or present witnesses available to a party gives rise to the inference that such evidence or testimony would be unfavorable to that party. Wigmore, Evidence, 3rd Ed. Vol. 2, §§ 285-286. The Supreme Court approved this principle in Caminetti v. United States, 242 U.S. 470, 495, 37 S.Ct. 192, 61 L.Ed. 442, L.R.A.1917F, 502, Ann.Cas.1917B, 1168.

What has been said in respect to the Trial Judge's comments about the missing list is almost equally cogent in respect to his comment as to the appellants' failure to produce Minah. Assuming that Minah was dead at the time of the trial as is asserted the exercise of due diligence by the appellants would have enabled them to account for their failure to call him. The record indicates that when the case was being tried the appellants did not know that Minah was dead. Their failure to produce or account for an individual who could have proved their innocent mind was subject properly to the comments of the District Judge. It must be borne in mind that Minah should have been the appellants' witness and the appellee was under no burden to produce or to account for him. If the appellants knew that Minah was dead at the time of the trial (an assumption in which we place no credence) and did not call that fact to the attention of the court while taking exception to the charge, they entrapped the trial judge. A

defendant may not acquire advantage from such conduct. The doctrine of the Laudani case in inapplicable.

 We perceive no error in the proceedings below except as to the conviction of the appellant Charles H. Walker on count 1. This conviction was erroneous, because as the United States concedes, there was insufficient evidence to connect him with the crime charged in that count. Accordingly the judgment of conviction of Charles H. Walker on count 1 of the information is reversed. All the other judgments are affirmed.