UNITED STATES of America,
Plaintiff,

v.

Charles Stewart TUCKER, Defendant.

Crim. No. 12885.

United States District Court
M. D. Pennsylvania.

Feb. 25, 1958.

Oliver Dibble, Special Asst. to Atty. Gen., Robert J. Hourigan, U. S. Atty., Scranton, Pa., for plaintiff.

Vincent M. Quinn, Pittston, Pa., Michael H. Sheridan, Wilkes-Barre, Pa., for defendant.

JOHN W. MURPHY, Chief Judge.

Defendant charged with violating 18 U.S.C.A. § 202 (six counts), attacking the sufficiency of the indictment, moves to dismiss and for a bill of particulars.[1]

The indictment avers that in the construction of facilities at the Tobyhanna Signal Depot, an installation of the Department of the Army under the direction and control of the Secretary of the Army, located in this district, certain prime contracts were awarded by the

1. As to the statute of limitations, the duty to testify before the Grand Jury and self incrimination, see opinion United States v. Gilboy, D.C., 160 F.Supp. 442; United States v. Raff, D.C., 161 F.Supp. 276.

United States and the Corps of Engineers to Consolidated Construction Co. Inc., later known as Consolidated Construction Co. of New Jersey, Inc. (November 30, 1951, construction of four general purpose warehouses); Merritt, Chapman and Scott Corporation (May 27, 1952, construction of certain buildings and utility systems).

Consolidated subcontracted electrical work to Harris Electrical Construction Co. Inc.; masonry to John L. Bright; painting to John B. Kemmel Inc.; concrete flooring to Keystone Concrete Co. Merritt, Chapman and Scott subcontracted constructing, erecting and installing certain plumbing and heating systems to Frederick J. Raff Co.; supplying of concrete to Colonial Sand and Stone Co. of Penna.

Beginning May 19, 1952, defendant was a Lieutenant Colonel in the United States Army Corps of Engineers and the Resident Engineer acting for and on behalf of the Corps of Engineers and the Department of the Army at the Depot. As Resident Engineer his duties were to insure and enforce compliance with contract plans and specifications, to expedite completion of the work and to inspect it as it was installed to see that substandard work was removed immediately and to make decisions on any question, matter, cause or proceeding which may be brought before him in his official capacity within his authority.

After reciting the foregoing, Count I charges that on November 3, 1952, at Tobyhanna and at Scranton in this district, defendant, "a person acting for and on behalf of the United States in his official capacity, as Resident Engineer, Corps of Engineers, United States Army, and by virtue of the authority of the Department of the Army, did knowingly, wilfully, unlawfully and feloniously ask, accept and receive from the Harris Co., a gratuity of value, to wit, a 21″ Westinghouse Television Radio and Record Player Combination, for which the Harris Co. paid the sum of $364.96, with intent to have his decision and action on any question, matter, cause or proceeding which may at any time be pending or which may by law be brought before him in his official capacity and in his place of trust and profit, influenced thereby."

Counts II to VI, inclusive, charge that at Tobyhanna defendant under similar circumstances and with like intent did accept and receive a gratuity of value as follows: (II) October 3, 1952, from Bright, Kemmel Co. and Keystone Co., a Frigidaire Deep Freeze—$265.00; (III) December 24, 1952, Kemmel Co., a 16 mm Revere Movie Projector—$244.50; (IV) December 15, 1952, Merritt, Chapman and Scott, an H. O. Gauge Model Train Equipment—$250.00; (V) January 2, 1953, Raff Co., a Webcor Portable Phonograph—$85.00; (VI) July 1, 1953, Colonial Co., a quantity of concrete to make a floor for the swimming pool at defendant's residence—$300.00.[2]

■ The indictment pleads an offense substantially in the words of the statute and sufficiently informs the defendant of the charges against him so that he may prepare and present his defense without being surprised at the trial and plead double jeopardy to another prosecution for the same offense. See cases Note 1, supra. United States v. Angelo, 3 Cir., 1946, 153 F.2d 247, at page 250; United States v. Marcus, 3 Cir., 1948, 166 F.2d 497, at pages 500, 501, 503; Downs v. United States, 3 Cir., 1925, 3 F.2d 855, at page 857; United States v. Debrow, 1953, 346 U.S. 374, at page 376, 74 S.Ct. 113, 98 L.Ed. 92.

■ The intent alleged is that of the defendant. Whenever officers of the United States army take any action whatever in regard to the army their official duties are involved. The United States is entitled to army officers who do

---

2. As to amounts, see Land v. United States, 4 Cir., 1949, 177 F.2d 346, at page 348.

not corruptly sell their decisions to any one. Wilson v. United States, 4 Cir., 1956, 230 F.2d 521, at page 525; Canella v. United States, 9 Cir., 1946, 157 F.2d 470, at page 481.

■■ Defendant's claim that he appeared and testified before the grand jury under army orders directing him to appear and testify for the government and that thereby his rights against self incrimination were violated at best raises a question whether or not his testimony was freely given, all things considered. See United States v. Block, 2 Cir., 1937, 88 F.2d 618, at page 620; United States v. Neff, 3 Cir., 1954, 212 F.2d 297, at page 312, and cases cited Note 1 supra. The government counters that defendant was fully aware of his rights and demonstrated that awareness before the grand jury. A hearsay assertion inviting inquiry does not overcome the strong presumption of regularity attending grand jury proceedings. United States v. Nunan, 2 Cir., 1956, 236 F.2d 576, at page 594; United States v. Johnson, 1943, 319 U.S. 503, at page 513, 63 S.Ct. 1233, 87 L.Ed. 1546; Costello v. United States, 1956, 350 U.S. 359, at page 363, 76 S.Ct. 406, 100 L.Ed. 397. That problem can best be met at the trial.

■ Defendant's request that the government be required to "* * * state the identity of witnesses or availability of other evidence, if any, as to the intent of the defendant * * * is denied. The weight of authority is against requiring the government to furnish in such cases the names of witnesses or the evidence upon which it will rely at the trial. United States v. Brennan, D.C.D.Minn.1955, 134 F.Supp. 42, at pages 52, 53; United States v. General Petroleum Corp. of Cal., D.C.S. D.Cal.1940, 33 F.Supp. 95, at page 99; Wong Tai v. United States, 1927, 273 U.S. 77, at page 82, 47 S.Ct. 300, 71 L. Ed. 545, and cases cited Note 1 supra.

An order denying defendant's motions will be filed herewith.