John McGILL, Appellant

v.

UNITED STATES of America, Appellee.

No. 14792.

United States Court of Appeals District of Columbia Circuit.

Argued June 17, 1959.

Decided Aug. 20, 1959.

Mr. Lewis Carroll, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before WASHINGTON, DANAHER and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

Appellant appeals his conviction for the crimes of robbery (three counts) and assault with a dangerous weapon. We allowed an appeal *in forma pauperis*, and appointed counsel to represent him in this court.

█ Counsel first urges that the trial court hampered the impeachment of the complaining witnesses by refusing to permit appellant's trial counsel [1] to ask them if they had earlier made inconsistent statements. What happened was that certain questions of a preliminary nature were asked and the judge required counsel to call to the witnesses' attention the specific prior allegedly inconsistent statements. The record discloses that the trial court gave appellant's counsel every opportunity to bring out the prior statements for purposes of impeachment. We see in this point no ground for reversal.

██ Appellant next complains that it was error for the trial court to refuse to permit counsel to demonstrate the adverse witnesses' bias in favor of the prosecution by showing that they had themselves been arrested for criminal offenses and were on bond on pending charges. The court advised counsel that he would be permitted to ask these witnesses whether they had been made any promises of leniency or otherwise. Bias cannot be shown simply by testimony of an arrest and the consequent making of a bond where no conviction has resulted and where no showing is made of promises of leniency or the like.

█ Appellant also urges that it was error for the court to refuse to order a

Mr. Frederick Bernays Wiener, Washington, D. C. (appointed by this court) for appellant.

1. Appellant was represented in the trial court by counsel other than his present counsel.

vital prosecution witness (a police officer) to produce notes with which he had refreshed his recollection prior to testifying. The situation arose in this way: Appellant's counsel asked the witness if he had notes of any conversations that might have transpired between him and other witnesses in the case. The witness stated that he had made notes on the case which he had read to refresh his recollection prior to coming to court but that he had not used them in testifying. Demand being made for the production of the notes, the court held that if the officer had referred to the notes on the witness stand for the purpose of refreshing his recollection while he was testifying, then counsel, upon request, was entitled to look at those notes; but that if the witness had used those notes simply to refresh his recollection before coming to court, counsel would not be entitled to require their production.

We believe that the so-called "Jencks" statute, 18 U.S.C. § 3500 (Supp. V, 1958), governs and that the notes demanded were not required to be produced under the terms of that statute. Cf. Palermo v. United States, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287. Accordingly, the refusal of the trial court to order their production for the use of the defense was not error.

Appellant further contends that there was in this case no direct testimony that he had ever had possession of "recently stolen property," but only evidence permitting an inference of such possession, and that therefore the charge of the court relating to possession of recently stolen property was improper.

■ The fact is that in one count of the indictment appellant was charged with robbing one Strother of certain rings. The witness Price stated that some time after the robbery appellant gave him an envelope and asked him to keep it for him, which he did. Subsequently, this envelope was given to a police officer at Price's home and it was found to contain a pawn ticket showing that a diamond ring had been pawned.

This ring was recovered from the pawn broker and identified as the same ring allegedly stolen by appellant.

The complaining witness testified that appellant had forceably taken the ring from his finger. No part of this testimony was challenged other than by raising the defense of alibi. The judge gave a standard charge on the subject of possessing recently stolen property, telling the jury that questions of fact were to be decided by them. Under the circumstances, we perceive no prejudicial error.

■ Appellant further contends that the conviction on the assault with a dangerous weapon count was improper, urging that "in view of the alleged victim's testimony that the man who 'hit at me' with a pistol 'didn't hit me,' there is no evidence to sustain the conviction on the Fourth Count for 'assault * * * with a dangerous weapon, that is, a pistol used as a club.' "

■ A pistol so used is undoubtedly a dangerous weapon; and the fact that the attempt to pistol-whip the complaining witness did not result in physical injury does not make the action any the less an assault with a dangerous weapon. Further, as we are upholding the conviction for robbery and as a concurrent and lesser sentence was given on the assault with a dangerous weapon charge, under well established principles, even if there were error on this point, the concurrent sentence makes reversal unnecessary. See Hirabayashi v. United States, 1943, 320 U.S. 81, 85, 63 S.Ct. 1375, 87 L.Ed. 1774; Gibson v. United States, 106 U.S. App.D.C. ——, 268 F.2d 586; Matthews v. United States, 1957, 100 U.S.App.D.C. 28, 240 F.2d 890; Wanzer v. United States, 1953, 93 U.S.App.D.C. 412, 208 F.2d 45.

We have examined the record with care, and have fully considered the able argument of assigned counsel. We find no error. Moreover, we are convinced that the verdict was correct and that there was substantial evidence to support it.

Affirmed.