**Louie MILLER, Appellant,**

v.

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Appellee.**

**No. 16571.**

United States Court of Appeals Ninth Circuit.
March 7, 1960.

Hill, Farrer & Burrill, Ray L. Johnson, Jr., Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Richard A. Lavine, John T. Allen, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before CHAMBERS and KOELSCH, Circuit Judges, and BOLDT, District Judge.

BOLDT, District Judge.

This is an appeal from a judgment affirming an administrative order of the appeal council of the Social Security Administration, Department of Health, Education and Welfare, denying appellant old age benefits under Title II of the Social Security Act, 42 U.S.C.A. § 401 et seq. The question presented is whether plaintiff has the necessary quarters of coverage for a fully insured status entitling him to old age insurance benefits. The answer to that question depends upon whether payments to appellant for certain services performed for the city of Los Angeles were, within the meaning of the Act, earnings from self-employment as an independent contractor or constituted wages received as an employee of the city. If during the period in question appellant was not an employee but worked and was paid as an independent contractor he qualifies for the benefits sought, otherwise not.

For 50 years prior to March 1955 appellant was a city employee in the Bureau of Street Maintenance which conducts and supervises maintenance, repair and clearance of the city streets. During the latter part of such employment appellant

was director of the bureau and had supervision over all its activities and personnel. At the end of February 1955, having reached compulsory retirement age, appellant was retired as mandatorily required by the city employees' retirement plan. At that time he was succeeded as director of the bureau by a former assistant. Payment to any retired employee for any service rendered after retirement as an employee of the city is prohibited by the city charter.[1] On February 23, 1955, a few days before his retirement, appellant and city officials signed a written contract whereunder appellant was engaged as a consultant to the city on lot clearing, street repairs, and similar matters for the period from February 23, 1955 to June 20, 1956. Pursuant to the contract appellant continued for the term specified in compensated service for the city.

Following a hearing the referee found and held that, as defined in the Social Security Act, appellant was an employee of the city during the term of the contract and by reason thereof lacked quarters of coverage to qualify for old age benefits. Such ruling was confirmed by the appeal council and that decision was affirmed by the judgment reviewed on this appeal.

Appellant contends that his legal status in relationship to the city during the period in question was that of independent contractor as a matter of law by virtue of the written contract. He further contends that if a fact question was raised as to his independent contractor status, the administrative finding negativing such status was not supported by substantial evidence on the whole record.

 Ordinarily, when contracting parties in a written agreement for personal service specify the nature and extent of contractual objectives and the manner and conditions under which the

services are to be performed, the legal character of the relationship thus created is determined by interpretation of the contract, which is a matter of law for the court. Batt v. San Diego Sun Publishing Co., 1937, 21 Cal.App.2d 429, 69 P.2d 216, McReynolds v. Oklahoma Turnpike Authority, Okl.1955, 291 P.2d 341. However, as the cited cases indicate, where the contract, as in the present instance, is in general terms, vague, ambiguous and uncertain as to the duties to be performed, and neither the results to be obtained nor the time, manner or place of performance are stated with any particularity therein, the true relationship between the parties must be determined as a question of fact from all of the facts and circumstances shown by the evidence, which bear upon the relationship, including the form and content of the signed agreement. The fact that appellant is referred to in the contract as "contractor" may be a circumstance negativing an employer-employee relationship but the fact of such designation, in itself, does not establish an independent contractor relationship either as a matter of fact or of law.

No authority cited by appellant sustains his first contention. We hold it to be without merit.

 Finding of facts determining the legal status of appellant in his relationship to the city during the period in question is largely a matter of inferences reasonably to be drawn from the direct evidence. If on the whole record it may reasonably and fairly be inferred that in fact appellant continued in an employee status after his retirement, notwithstanding payment for services in that status would violate the city charter, we are not free to choose inferences tending to the contrary and thus to substitute our fact finding for that of the administrative agency. Universal Camera Corp. v. N. L. R. B., 1951, 340 U.S. 474, 71

---

1. Section 508C(2): "No person who shall have been retired from the service and employment of the City of Los Angeles pursuant to the provisions of this article shall thereafter be paid for any serv-
ice rendered as an officer or employee of said City, except for service rendered as an election officer, or as an officer elected by the electors of said city."

S.Ct. 456, 95 L.Ed. 456; Goldman v. Folsom, 3 Cir., 1957, 246 F.2d 776.

■ Analysis of the record as a whole shows that it contains ample evidence supporting the fact findings of the referee and of the appeal board of the Social Security Administration. The judgment is affirmed.