## UNGERLEIDER et al. v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit.
May 9, 1925.)

No. 2354.

**1. Intoxicating liquors ⬅249—Officer searching automobile without warrant held to have reasonable grounds for search.**

Prohibition officer, who searched automobile for intoxicating liquor without warrant, *held* to have reasonable grounds for search.

**2. Criminal law ⬅736(1)—Admissibility of evidence discovered on search of automobile without warrant held question for court, and not for jury.**

In prosecution for conspiracy to violate National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), admissibility of evidence discovered by prohibition agent in automobile, claimed to be incompetent because search without warrant was unreasonable, *held* question for court, and not for jury.

**3. Jury ⬅131(10)—Action of court in personally interrogating jurors on their voir dire examination held not improper.**

Action of court in requiring counsel to submit to him questions they intended to ask jurors on their voir dire examination, and in personally interrogating jurors on such examination, *held* not improper.

**4. Criminal law ⬅1166½(6)—Insufficient inquiry into aims of secret organizations, to which some of prospective jurors belonged, held not to present anything for review.**

Assignment of error that there was not sufficient inquiry into aims of secret organizations, to which some, of persons examined as to their fitness for jury service belonged, did not present anything for review where no members of such organizations served on jury.

**5. Jury ⬅97(3)—Persons contributing to Anti-Saloon League held not disqualified as jurors in prosecution for conspiring to violate National Prohibition Act.**

Persons contributing to Anti-Saloon League *held* not disqualified as jurors in prosecution for conspiring to violate National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), where each of them stated that he could and would give as fair consideration to such a case as to any other.

In Error to the District Court of the United States for the Northern District of West Virginia, at Wheeling; William E. Baker, Judge.

Louis Ungerleider and another were convicted of conspiring to violate the National Prohibition Act, and they bring error. Affirmed.

Howard D. Matthews, of Wheeling, W. Va. (Handlan, Garden & Matthews, of Wheeling, W. Va., on the brief), for plaintiffs in error.

T. A. Brown, U. S. Atty., and T. M. McIntire, Sp. Asst. U. S. Atty., both of Parkersburg, W. Va., for the United States.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

ROSE, Circuit Judge. The plaintiffs in error, Louis Ungerleider and Albert Dupke, were defendants below and will be so styled here. They were convicted upon an indictment charging them with having conspired to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). We shall not discuss in detail each of their twenty-seven assignments of error. Some of them were formally abandoned in the argument at our bar. Sometimes, two or more of them raise what is in essence the same question, while a number of them are, in our view, unimportant.

[1] The case against the defendants was that a federal prohibition agent received information that a Nash car bearing a certain number was delivering liquor in Glen Elk, a town or village in the neighborhood of Clarksburg. He thereupon went there and, about 4 o'clock in the afternoon of an April day in 1924, saw the car in question with both the defendants in it on a street; but, as he was on foot, he was at that time unable to come up with it. A little later, he returned to his house in Clarksburg, and while there, or in the vicinity, he had a talk with a truck driver for a wholesale grocer in that city. The truck driver had shortly before seen the two defendants sitting in the car in question talking together in front of his place of employment. They presently drove their car into an alley alongside the grocery warehouse and which led to the garage in which the grocery truck was kept. The driver of the latter started to put his truck away, but found that the defendants' car blocked the alleyway. He stopped his truck 10 or 15 feet in the rear of it. One of the defendants lowered the back curtain but did not get it all the way down, leaving an uncovered space of about 3 or 4 inches. Through this, the truck driver saw the defendant Ungerleider unscrew the back of the seat, take out a glass bottle partly wrapped in newspaper and having red contents. Six or eight packages were taken out of the seat and put into a grip. The truck driver then backed out of the way of the defendants, and they in turn backed their car out of the alley and went away.

The truck driver was through his work for the day and went home, meeting the prohibition agent, whom he brought back to town

with him in his car. They saw the defendants' car on Main street in front of the courthouse. No one was in it at the time. The prohibition agent went to it. When he was within three or four feet of it, he says he detected the odor of alcohol. He got into it and found a secret compartment, opened it, and saw bottles of moonshine liquor therein. In somewhere from three quarters of an hour to an hour, the defendants came to the car and were put under arrest. The car was searched. It was found that it contained two secret compartments which would hold in the aggregate somewhere from 250 to 350 quarts. There were in them at the time some 80 bottles, each wrapped in a newspaper and each of them containing moonshine liquor.

[2] The only evidence offered on behalf of the defendants was that of some persons who said they came very close to the car or stuck their heads in it and did not detect any odor of alcohol. Defendants contend that the search of the car by the prohibition officer made as it was, without a warrant, was unreasonable; that no testimony as to what the search disclosed was admissible; and that the evidence that others could not detect the odor of alcohol raised an issue as to the reasonableness of the search, which should have been left to the jury. Independently of whether there was or was not any detectable odor of alcohol, the facts detailed show that the prohibition officer had reasonable grounds to search the car. Carroll v. United States, 45 S. Ct. 280, 69 L. Ed. ——, decided by the Supreme Court March 2, 1925; Ash v. United States (C. C. A.) 299 F. 277; and Milam v. United States (C. C. A.) 296 F. 629. Whether the evidence was admissible was a question to be determined by the court, and not by the jury. Steele v. United States, 45 S. Ct. 417, 69 L. Ed. ——, decided by the Supreme Court April 13, 1925.

[3] The defendants complain that when the jurors were examined on their voir dire, the judge personally interrogated them, requiring counsel to submit to him any questions they wished asked. No authority tending to show that there was any error in the action of the court has been brought to our attention. The practice is one which has been followed in many districts from time out of mind. It not only saves much time, but has other manifest advantages.

[4, 5] Error is assigned that there was not sufficient inquiry as to the aims and objects of the Ku Klux Klan, of the Invisible Empire, and of the Sons of Liberty, to one or another of which organizations some of the persons examined as to their fitness for jury service belonged. As, however, none of them who were members of any of these organizations ultimately served on the jury, there is nothing to review. It is said that two or three persons who were finally accepted admitted that they had contributed to the Anti-Saloon League. Each of them, however, stated that he could and would give as fair consideration to the case of one accused of violating the Prohibition Law as he would to one charged with the breach of any other statute. No ground for disqualification was disclosed.

Affirmed.