## WILLIAMS et al. v. UNITED STATES.

### No. 5995.

Circuit Court of Appeals, Fifth Circuit.
Feb. 10, 1931.

Rehearing Denied March 7, 1931.

R. A. Hendricks, Abe Aronovitz, and E. Max Goldstein, all of Miami, Fla. (Hendricks & Hendricks, of Miami, Fla., on the brief), for appellants.

W. P. Hughes, U. S. Atty., of Jacksonville, Fla., and Norman J. Morrison, Sp. Asst. to the Atty. Gen.

Before FOSTER, Circuit Judge, and HUTCHESON and SIBLEY, District Judges.

FOSTER, Circuit Judge.

Appellants were convicted on four counts of an indictment which charged in the first count transportation of some 800 cases of intoxicating liquor for beverage purposes in two motorboats from a point to the grand jurors unknown to a point near Coral Gables in Dade county, Fla.; in the second count the importation of said liquor from a foreign country; in the third count the fraudulent concealment of said liquor; and in the fourth count a conspiracy to commit the several substantive offenses charged in the other counts. A general sentence of imprisonment for three years was imposed on each appellant. There are some 29 errors assigned, but it will be unnecessary to discuss them all.

At the outset, we must consider a motion by the government to dismiss the appeal on the ground that the appeal was allowed by

the District Court on May 26, 1930, and the assignment of errors was not filed until the next day, May 27, 1930. In support of this our rule 11 is invoked. The said rule, so far as necessary to quote, is as follows:

"The appellant shall file with the clerk of the court below, with his petition for appeal, an assignment of errors, which shall set out separately and particularly each error asserted and intended to be urged. No appeal shall be allowed until such assignment of errors shall have been filed."

In this case, the petition, order, and assignment were filed the same day. It is quite usual in taking appeals to present the petition and assignment of errors to the judge, and, after the order of appeal is granted, to file them with the clerk on a subsequent day. If they are filed with the clerk within a reasonable time, there is a substantial compliance with the rule, which is all that is required. The motion to dismiss will be denied.

██ One of the overt acts charged as having been committed in furtherance of the conspiracy was that Walter Williams endeavored to bribe one W. V. O. Bruen, a customs agent, to release him from arrest and permit him to land the cargoes of intoxicating liquors from the two motorboats. A special demurrer to this paragraph of the indictment was filed by Williams and overruled. In his opening statement to the jury, the United States attorney referred to this act by Williams, and on the trial evidence tending to support it was admitted over objection. Error is assigned to all of this.

It may be conceded that the allegation of this overt act was not sufficient to charge the offense of bribery or attempted bribery, but it was not necessary that it should do so. An overt act in furtherance of a conspiracy, sufficient to put it in motion, may be an act otherwise entirely innocent.

Both the district attorney and counsel for the defendant have the right to make opening statements in a criminal case, and it is not unusual for them to do so. Such statements within proper and reasonable bounds, which the court may control, have a tendency to clarify the issues and help the jury to a better understanding of evidence subsequently introduced. The United States attorney made it clear to the jury that he was merely stating what he expected to prove, and his remarks shown by the record were not improper.

The evidence of this transaction was admissible, not to prove the offense of bribery, but to show intention and as an admission of guilt. These assignments are without merit.

██ In the course of the trial, the defendant Wilson took the stand, and was asked on cross-examination if he had not been convicted of a felony and who was convicted with him in that case. Over objection, he answered that he had pleaded guilty in the same court, but did not know whether it was a felony or not, and that the defendant Williams was convicted with him. Later, Williams took the stand, and testified over objection that he had pleaded guilty of transportation and importation of liquor in violation of the national prohibition law a few days before the trial. The grounds of objection urged to this evidence went no further than that it was irrelevant and immaterial.

It is elementary that, when a defendant takes the stand, he may be asked any question that would tend to impeach him the same as any other witness, and he may be interrogated as to previous convictions. It was proper to interrogate these defendants as to their own previous convictions, but it was error to require Wilson to testify to the previous conviction of Williams at a time when he had not taken the stand. However, the error was cured and rendered harmless by the subsequent testimony of Williams. Jud. Code, § 269 (28 USCA § 391).

When the case opened, twelve jurors were called into the box, and the judge examined them upon their voir dire as to their qualifications. At the conclusion of this examination, the government accepted the jury, and tendered them to the defendants. Counsel for appellants then requested that they be allowed to ask each juror certain questions that they thought would tend to show their qualifications or disqualifications. The court declined to permit counsel to ask the jury any questions, but again interrogated them, asking some, but not all, of the questions indicated by counsel for defendants. Error is assigned to this action of the court.

██ This assignment presents a serious question. Undoubtedly a person accused of crime has the right to be confronted by all of the jurors who are to try him and to have the assistance of counsel in determining their qualifications for which ample opportunity must be afforded. If the judge takes upon himself to question the jurors as to their qualifications, and refuses to permit counsel for the defendant to do so, it is at considerable risk of committing reversible error. However, if the examination by the court discloses the absence of bias, prejudice, or

other disqualification, and enables the defendant to intelligently use his peremptory challenges, it is not necessarily error to refuse permission to counsel to question the jurors.

The examination by the court disclosed the residence of each juror; that he did not know the defendants nor their counsel; that he did not know anything about the case; that he did not belong to any organization for the enforcement of or against the prohibition amendment; that he understood the meaning of reasonable doubt; that he would decide the case according to his own conviction arising from the evidence, and would not permit his verdict to be controlled by the opinion of others. So far as the record discloses, the defendants did not exercise a single peremptory challenge, as they might have done without any cause at all, and there is nothing to indicate that any juror answered untruthfully or was in fact prejudiced against the defendants. If any juror had entertained a personal bias against any defendant, that must have been known to him. The examination by the court was sufficient to properly qualify the jurors, and in this instance it was not error to refuse to allow counsel to ask additional questions. Pointer v. U. S., 151 U. S. 396, 14 S. Ct. 410, 38 L. Ed. 208; Connors v. U. S., 158 U. S. 408, 15 S. Ct. 951, 39 L. Ed. 1033; Ungerleider v. U. S. (C. C. A.) 5 F.(2d) 604; Kurczak v. U. S. (C. C. A.) 14 F.(2d) 109; Carroll v. U. S. (C. C. A.) 16 F.(2d) 951; Bonness v. U. S. (C. C. A.) 20 F.(2d) 754.

There is no doubt that there was sufficient evidence before the jury to sustain the verdict. The charge of the court sufficiently covered the law, and error is not shown in the refusal of any special charge requested.

The record presents no reversible error.

Affirmed.