Henry Pierce TAYLOR, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18062.

United States Court of Appeals Fifth Circuit.

May 13, 1960.

intent to defraud the United States of taxes; [3] and working at a distillery upon which the required sign bearing the words "Registered Distillery" was not placed and kept.[4] The jury found him guilty and the court sentenced him to imprisonment of eighteen months.

Appellant complains that (1) the trial court erred in denying his motion for a continuance; (2) the trial court erred in permitting interrogation of appellant regarding his previous conviction; and (3) the argument of the United States Attorney to the jury was improper and prejudicial.

■ In 1895, the United States Supreme Court declared: "That the action of the trial court upon an application for a continuance is purely a matter of discretion, and not subject to review by this court, unless it be clearly shown that such discretion has been abused, is settled by too many authorities to be now open to question." Isaacs v. United States, 1895, 159 U.S. 487, 16 S.Ct. 51, 52, 40 L.Ed. 229. This Court has consistently refused to review the ruling of a district judge on a motion for continuance unless a clear abuse of discretion is shown. Bryant v. United States, 5 Cir., 1958, 252 F.2d 746; Brown v. United States, 5 Cir., 1955, 228 F.2d 286; Girard Trust Co. v. Amsterdam, 5 Cir., 1942, 128 F.2d 376.

■ The facts show no abuse of discretion in this case. Taylor and Traywick were arrested on May 7, 1959. October 17, 1959, a motion to suppress evidence was denied. The attorneys representing Taylor and Traywick since their arrest refused to represent Taylor any longer because of a disagreement over their fee. October 18, 1959, at approximately 10:00 P. M., Taylor engaged his present lawyer. Taylor and his attorney went to Macon, Georgia, on October 19, 1959, when the case was set for hearing, to ask for a continuance. The assistant United States Attorney was not available

W. George Thomas, Milledgeville, Ga., for appellant.

Earle B. May, Jr., Asst. U. S. Atty., Floyd M. Buford, Asst. U. S. Atty., Frank O. Evans, U. S. Atty., Macon, Ga., for appellee.

Before CAMERON, BROWN, and WISDOM, Circuit Judges.

PER CURIAM.

Appellant, Henry Pierce Taylor, was charged jointly with one John Traywick, with having in his possession and custody and under his control an unregistered still; [1] carrying on the business of a distillery without having given bond; [2] carrying on the business of a distillery with

1. In violation of 26 U.S.C.A. § 5174, § 5601.

2. In violation of 26 U.S.C.A. § 5606.

3. In violation of 26 U.S.C.A. § 5606.

4. In violation of 26 U.S.C.A. § 5681.

for trial, so the case was set for the following day. October 20, 1959, Taylor's motion for a continuance was denied. A renewal of the motion was also denied. The jury convicted the defendant on four counts of the five count indictment in a routine illicit whiskey case. The facts of the case were simple, no complex questions of law were involved, and the record shows no detriment to the defendant because of denial of the continuance. Boyer v. United States, 5 Cir., 1937, 92 F.2d 857.

Taylor's other specifications of error deserve only brief mention. After Taylor had taken the stand, he was questioned about a prior liquor conviction. Taylor's counsel objected to the questioning, not because Taylor's character was being put in issue without his having first done so, but because Taylor's answer was not the best evidence of the prior conviction. When Taylor took the stand he voluntarily put his character in issue and, for impeachment purposes, could then be asked questions about prior convictions. Williams v. United States, 5 Cir., 1931, 46 F.2d 731; Workman v. United States, 4 Cir., 1930, 43 F.2d 44. Taylor has no standing to complain on appeal that his character was improperly put in issue. His objection did not raise the question in the trial court and he did not request instructions limiting the jury's consideration of his prior conviction to questions of impeachment.

At the trial appellant's only objection to the impropriety of the remarks of the United States Attorney was to the statement that: "It seems a reasonable inference from the evidence that Mr. Taylor had this old darky [Traywick] down there running the still and he was going in there to check it." This statement was a reasonable inference from the evidence adduced at the trial. Traywick admitted that he had worked at the still, he was arrested at the still site, and he admitted that he had been working for the appellant who would be there shortly to pick up liquor that morning. In view of his testimony, there is no doubt that the United States Attorney's

statement was properly based on the evidence. Moreover, no motion for mistrial was made, nor was any request made for instructions from the court concerning the United States Attorney's remarks. See Benham v. United States, 5 Cir., 1954, 215 F.2d 472.

We have reviewed the record. The appellant had a fair trial and the evidence supports the verdict.

Affirmed.