Lloyd Hartley JACKSON and John Ernest Lucas, Jr., Appellants,

v.

UNITED STATES of America, Appellee.

No. 20243.

United States Court of Appeals Fifth Circuit.

July 3, 1963.

Robert L. Dickson, Foy Clement, Abilene, for appellants.

T. Gary Cole, Jr., Asst. U. S. Atty., Fort Worth, Tex., Barefoot Sanders, U. S. Atty., for appellee.

Before HUTCHESON, GEWIN and BELL, Circuit Judges.

HUTCHESON, Circuit Judge.

This is an appeal from the judgment in the trial court by the defendants who were found guilty of unlawfully and knowingly possessing a firearm, as defined by Title 26, U.S.C. Sec. 5848(1), and sentenced to imprisonment for a period of five years.

The pertinent facts are as follows: Patrolman Bill Parton of Eastland, Texas, saw a 1955 or 1956 bronze Pontiac hardtop leave the vicinity of a phone booth and head for Cisco, Texas. He later checked the phone booth and saw that it had been robbed. A call was put out over the police radio which was heard by Patrolman Ray Sue of Cisco, Texas. There was heard a general description of the car but no license number was given, nor were the occupants identified. Patrolman Sue stationed himself outside the Cisco city limits in the early hours of the morning after the radio call. A 1953 Pontiac passed by him at a lawful rate of speed. He pulled up behind the car and stopped it. Shining

his flashlight in the car he saw the Enfield rifle which led to the arrest and conviction of appellants of violation of 26 U.S.C. § 5821.

The appellants assign three claims of error. The most argued one is that there was an invalid search and seizure and that the court committed error when it denied appellants' motion to suppress the evidence.

While the car was stopped, not because of any offense being committed in the presence of Officer Sue and not because of any precise or specific information that the appellants had committed or were about to commit a criminal offense, it was not stopped as a result of a general car stoppage of cars or on mere suspicion.

One of the principal cases on an arrest based on mere suspicion is Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134. In this case the Supreme Court said:

"* * * if an arrest without a warrant is to support an incidental search, it must be made with probable cause. * * * We turn then to the question whether prudent men in the shoes of these officers * * * would have seen enough to permit them to believe that petitioner was violating or had violated the law. * * * The fact that afterwards contraband was discovered is not enough. An arrest is not justified by what the subsequent search discloses."

But this is not a case of an arrest made on mere suspicion. The facts, testified to, show that there was probable cause for making the arrest and seizing the firearm as a prohibited weapon unlawfully in defendants' possession. This is not a case of the prohibited kind, that is a case of a general stoppage of automobiles in the hope of catching someone guilty of something. On the contrary, the officer who stopped the car and saw the prohibited weapon therein has posted himself because of the information given in the look-out call. He conducted himself with great restraint and propriety, and the gun was not found on a general search and seizure. It was seen by the officer in full view without any search having to be made therefor. It was for the district judge to make a judicial determination whether there was probable cause for the actions of the officer.

We find his determination free from error, and, no other error appearing, the judgment is

Affirmed.