Carl Alton WRIGHT and William Johnson Yaughn, Appellants,

v.

UNITED STATES of America, Appellee.

No. 25442.

United States Court of Appeals Fifth Circuit.

Oct. 30, 1968.

Rehearing Denied Nov. 29, 1968.

Certiorari Denied Feb. 24, 1969.

See 89 S.Ct. 878.

**44**

Joseph H. Davis, Macon, Ga., for appellants.

Manley F. Brown, Walker P. Johnson, Jr., Asst. U. S. Attys., Floyd M. Buford, U. S. Atty., Macon, Ga., for appellee.

Before WISDOM and AINSWORTH, Circuit Judges, and JOHNSON, District Judge.

PER CURIAM:

Appellants Wright and Yaughn were convicted after trial by a jury for violating 18 U.S.C. § 641 in the theft of ammunition of a value exceeding $100, belonging to the United States, from the ammunition storage building at Robins Air Force Base, Macon, Georgia. Wright was sentenced to a term of three years and Yaughn to a term of two years. Each defendant has appealed.

Appellant Yaughn assigns as error the failure of the District Court to grant his motion for a severance. We find no error, however, in the ruling complained of, this being a matter within the sound discretion of the District Court, there being no evidence of a confession or admission by Yaughn's co-defendant incriminating him, and no prejudice having been shown by this appellant. Rule 14, Fed.R.Crim.P.; Peterson v. United States, 5 Cir., 1965, 344 F.2d 419; Garcia v. United States, 5 Cir., 1963, 315 F.2d 679, 680.

Both appellants complain of the denial by the District Court of their motions to suppress certain evidence. As to appellant Wright, this evidence consisted of a pair of boots, and as to appellant Yaughn, the evidence consisted of a sweat shirt and trousers, a pair of black shoes and a number of metallic objects taken from his wallet, which objects were lock-picking tools.

Appellants were apprehended within the confines of Robins Air Force Base, Wright having been found in a truck which contained the stolen boxes of ammunition. Yaughn was apprehended at about 4 a. m. in the vicinity of the place where the offense was committed, wearing a red sweater. Agents of the FBI having received information from a reliable informer observed the theft with the use of binoculars. One of the men observed wore a dark red sweater. Prints were found within the ammunition storage building which matched Wright's boot and Yaughn's shoes.

We find no error in the denial of the motions to suppress. The searches and seizures of personal apparel and lock-picking devices referred to were made pursuant to lawful arrest. Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947); United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950); Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959);

Wooten v. United States, 5 Cir., 1967, 380 F.2d 230; Jackson v. United States, 5 Cir., 1963, 319 F.2d 782.

There was abundant evidence supporting probable cause to make such an arrest. Appellant Wright was found in possession of the stolen ammunition and appellant Yaughn was apprehended nearby in the early hours of a very cold morning wearing a red sweater, in a restricted military area which was being searched at the time by police officers for the second accomplice. See Miller v. United States, 5 Cir., 1966, 356 F.2d 63, 66; Beck v. State of Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); Jackson v. United States, 5 Cir., 1963, 319 F.2d 782; United States ex rel. McCullers v. McMann, 2 Cir., 1967, 370 F.2d 757.

We are convinced that both appellants were fairly tried and convicted by the jury and that no error was committed by the District Court in denying their motions for severance and to suppress.

Affirmed.