**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Maynard Joe MARLOW, Defendant-
Appellant.**

**No. 28071**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 26, 1970.

Chester G. Ball, Arlington, Tex., for defendant-appellant.

Andrew Barr, Asst. U. S. Atty., Dallas, Tex., Eldon B. Mahon, U. S. Atty., W. E. Smith, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I, and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.

The appellant was indicted for the obstruction of correspondence in violation of Title 18, U.S.C., Section 1702, tried to

a jury and was found guilty. This appeal is from the five year confinement sentence which followed.

The appellant seeks relief from his plight by asserting that his arrest and subsequent trial were defective. Review of the record convinces us, however, that while Marlow's predicament clearly resulted from a stalled automobile, he has failed to demonstrate the malfunction or misfiring of any legal process attendant upon his conviction. We affirm.

In October 1966, Texaco Oil Company mailed a gold topped credit card to Mr. Raymond R. Caldwell, 2406 Wilhurt, Dallas, Texas. Mr. Caldwell had moved from that address in 1964 after living there five years. He had a Texaco credit card during that time but never received the 1966 card mailed to 2406 Wilhurt. In May 1966, that property had been conveyed to Artie Marlow, the wife of the appellant, and she and the appellant took up residence there. At trial, the appellant was identified as the person making purchases with the credit card, and signing Caldwell's name as purchaser. Apparently Marlow successfully used the card during the month of November and in the early part of December until the stalled car, already alluded to, led to his undoing.

About 10:30 in the evening of December 13, 1966, in Arlington, Texas, the appellant's car was stalled on Highway 80 at Division Street. A police officer approached the car to offer assistance. The officer subsequently asked to see Marlow's driver's license which the appellant was unable to produce. The officer then asked Marlow to step from the vehicle and show some kind of identification. As Marlow searched through his wallet, the officer looked on with his flashlight focused upon the wallet. The officer noticed the Texaco card and stated that it would be sufficient identification. Marlow handed the card to the officer who observed that the name on the card differed from that given by the appellant. Marlow was detained and the credit card seized.

The appellant urges that the observation of the credit card was an illegal search and the card therefore should have been excluded from evidence. Proof of the obstruction of mail count of course was based upon possession of the credit card.

In Texas, as elsewhere, a peace officer may request a driver of a vehicle to show his driver's license. See Vernon's Civil Statutes of Texas Annotated, Art. 6687b, Sec. 13. The demand for the license or other identification was justified and did not constitute a custodial search or an arrest. Cf. Bendelow v. United States, 5 Cir. 1969, 418 F.2d 42. As a result of this lawful request, the credit card came into plain sight. It is well established that it is not a search for an officer to observe that which is in open view. See Nunez v. United States, 5 Cir. 1967, 370 F.2d 538; Miller v. United States, 5 Cir. 1966, 356 F.2d 63; Jackson v. United States, 5 Cir. 1963, 319 F.2d 782. Accordingly the card produced from a routine request for a driver's license was properly introduced as evidence in the trial below.

The appellant also urges that error was committed when a Texaco service station operator testified that Marlow had obtained gas at his station by using the credit card and signing Caldwell's name to the purchase ticket. The testimony was admitted over objection.

Appellant asserts that admission of such testimony constituted error because it tended to prove another crime; i. e. forgery. The testimony related directly to the use of the credit card by Marlow and proved that he was the person responsible for the violation alleged in the indictment. Thus the admission of such evidence even though it tended to prove another crime was within the trial judge's discretion. We find no abuse of such discretion here. See Bartlett v. United States, 5 Cir. 1956, 232 F.2d 135; White v. United States, 5 Cir. 1952, 200 F.2d 509; Schwartz v. United States, 9 Cir. 1947, 160 F.2d 718.

Careful review of the record and the briefs reveals that the remaining allegations of error are without merit and do not warrant elaboration. The judgment below is

Affirmed.