**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Eddie Daniel SMITH, Defendant-**
**Appellant.**

**No. 19978.**

United States Court of Appeals,
Sixth Circuit.

May 4, 1970.

James E. Wells (Court-Appointed) Detroit, Mich., for defendant-appellant.

Ralph B. Guy, Jr., Chief Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellee; James H. Brickley, U. S. Atty., Detroit, Mich., on brief.

Before PHILLIPS, Chief Judge, and CELEBREZZE and McCREE, Circuit Judges.

PER CURIAM.

Appellant was charged in a six-count indictment with transporting in interstate commerce, with unlawful intent, falsely made, forged and altered securities, knowing the same to have been falsely made, forged and altered, in violation of 18 U.S.C. §§ 2314 and 2. He was convicted by a jury and was sentenced to seven years in prison on each count, the sentences to run concurrently.

The primary issue on appeal is whether the acts proved by the Government constitute an offense within the meaning of 18 U.S.C. § 2314. That section provides, in pertinent part:

> Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities or tax stamps, knowing the same to have been falsely made, forged, altered, or counterfeited; * * * [shall be guilty of an offense].

The evidence proffered by the Government established that a number of blank money orders and some machines used to validate the orders with an agent's symbol were stolen during the civil disorder in Detroit in 1967. A few months after the thefts, appellant began to cash some of the stolen money orders. In each instance appellant's name had been inserted in the blank provided for the name of the payee and he cashed the money orders by endorsing his true name. In addition to appellant's name, an agent's symbol, an amount and sender's name had been inserted in the appropriate blanks on the money orders.

■ Appellant contends that the insertion of the necessary information into the blank portions of the money orders does not constitute falsely making, forging and altering within the meaning of 18 U.S.C. § 2314. He relies on Gilbert v. United States, 370 U.S. 650, 82 S.Ct. 1399, 8 L.Ed.2d 750 (1962), where a tax accountant cashed income tax refund checks of two clients by endorsing the clients' names and then writing "R. Milo Gilbert, Trustee" below the endorsement. The Supreme Court held that a false representation of agency authority is not a forgery, since the "falsity lies in the representation of facts, not in the genuineness of execution." 370 U.S. at 658, 82 S.Ct. at 1404, quoting from Marteney v. United States, 216 F.2d 760, 763–764 (10th Cir. 1954). However, the Court also indicated that the Government might be able to establish the charge of forgery if it could prove that Gilbert did not purport to sign the clients' names in a representative capacity.

Accordingly, the important inquiry in the present case is whether the completion of the blank money orders constituted a false representation or a false execution. We hold that it constituted a false execution. The money orders were not, at the time of the thefts, evidence of an obligation on the part of the issuing company. It was necessary to insert the agent's symbol, an amount, a sender's name, and the name of the payee in order to create an obligation. This distinguishes Gilbert, where the refund checks were genuine written evidence of obligations and required only an endorsement to be cashed. Here, the insertion of the necessary information on the blank money orders constituted a false making within the meaning of the statute. United States v. Di Pietto, 396 F.2d 283, 286–287 (7th Cir. 1968); Castle v. United States, 287 F.2d 657, 660 (5th Cir. 1961).

■ Appellant also contends that the Government failed to prove that he knew the money orders had been falsely made. We have examined the transcript of testimony and have concluded that this contention is without merit. There was sufficient evidence from which the jury could infer that appellant had the requisite knowledge.

Affirmed.