443 F.2d 830
 UNITED STATES of America, Plaintiff-Appellee,
v.
Leo Joseph SAITTA, Defendant-Appellant.
No. 30761 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 June 15, 1971, Rehearing Denied and Rehearing En Banc Denied
July 19, 1971.
 
 Raymond E. LaPorte, Ragano & LaPorte, Tampa, Fla., for appellant.
 John L. Briggs, U.S. Attorney, Hugh N. Smith, Asst. U.S. Atty., Tampa, Fla., for appellee.
 Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.
 BELL, Circuit Judge:
 
 
 1
 Appellant was convicted on a twocount indictment charging transportation of a stolen automobile from New York to Florida in violation of the Dyer Act, 18 U.S.C.A. 2312, and conspiracy to violate the same Act in violation of 18 U.S.C.A. 371. This appeal followed. We affirm.
 
 
 2
 Appellant's first ground for reversal is that the trial court erred in failing to grant his motion for continuance or to exclude certain decumentary evidence. This claim is based on the assertion that the government failed to comply with specified discovery orders until the day before the trial thus unduly prejudicing him in the preparation of a defense.
 
 
 3
 While a careful study of the record discloses that the government's conduct in failing to promptly comply with discovery orders entered pursuant to Rule 16, F.R.Crim.Procedure, left something to be desired, nevertheless no prejudice inured to appellant from this conduct. The subject matter of this allegation of error was handwriting samples and a FBI report concerning the samples. The report was directed to placing appellant in the stolen vehicle through his signature on a traffic violation citation.
 
 
 4
 This material was finally delivered to appellant's counsel on the day before trial, too late to obtain a defense handwriting expert. In any event, the entire issue was washed out by the defense theory which placed appellant in the vehicle on the occasion in question.
 
 
 5
 Appropriate relief for a violation of the discovery rules lies within the sound discretion of the district court, Gevinson v. United States, 5 Cir., 1966, 358 F.2d 761, 766; Ginsberg v. United States, 5 Cir., 1958,257 F.2d 950, 956, but we do not reach the question of an abuse of discretion here. It suffices to say that an error in administering the discovery rules is not reversible absent a showing that the error was prejudicial to the substantial rights of the defendant. Hansen v. United States, 8 Cir., 1968, 393 F.2d 763, 770. There is no showing of such prejudice here.
 
 
 6
 Appellant next complains that the trial court erred in failing to exercise its discretion to limit cross-examination of appellant concerning previous convictions, relying on Luck v. United States, 1965, 121 U.S.App.D.C. 151, 348 F.2d 763. The law is clear in this circuit that any witness, including a defendant who elects to testify, can be discredited by a showing of prior felony convictions or misdemeanor convictions involving moral turpitude. Bendelow v. United States, 5 Cir., 1969, 418 F.2d 42, 49; Beaudine v. United States, 5 Cir., 1966, 368 F.2d 417, 421; Taylor v. United States, 5 Cir., 1960, 279 F.2d 10, 12; Daniel v. United States, 5 Cir., 1959, 268 F.2d 849, 852; Roberson v. United States, 5 Cir., 1967, 249 F.2d 737, 741. Had this appellant elected to testify, he would have been subject to this rule. It was therefore not error for the trial court to refuse to limit the government in advance. Moreover, there was no proffer as to the fact of the previous convictions and thus nothing to form the basis of an exercise of discretion as required in Luck v. United States, supra. The record makes it plain that the court exercised its discretion on the meager facts presented and even stated to counsel that he had not been advised as to just what the prior convictions were.
 
 
 7
 Appellant's final assignments of error are that the Assistant United States Attorney misstated the evidence and also injected his personal beliefs into the case during his closing agrument to the jury. We have carefully examined the record and can find both assignments without merit.
 
 
 8
 Affirmed.
 
 
 9
 ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC
 
 PER CURIAM:
 
 10
 The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.