**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Raymond James BEDGOOD, Defendant-Appellant.**

**No. 71–2946**

**Summary Calendar.**\*

United States Court of Appeals, Fifth Circuit.

Jan. 19, 1972.

---

John J. Sullivan, Savannah, Ga., for defendant-appellant.

R. Jackson B. Smith, Jr., U. S. Atty., Augusta, Ga., David D. Rawlins, Asst. U. S. Atty., Savannah, Ga., for plaintiff-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

Raymond James Bedgood appeals from a conviction by a jury for a violation of 18 U.S.C. § 2314, relative to interstate transportation of falsely made, forged, altered, or counterfeited securities. The District Court sentenced him to imprisonment for a period of one year, with a five-year period of probation to commence at the expiration of his period of imprisonment. We affirm.

On or about December 12, 1970, a group of approximately 81 blank Travelers Express Money Orders were stolen from Jack's Minit Market in Brunswick, Georgia. The instruments lacked only completion to become negotiable. Eight witnesses testified that checks identified as those stolen from Jack's had been cashed at their respective places of business. In each case, the instruments were returned by Travelers Express and marked as stolen. The Assistant Control Manager for Travelers Express testified that the money orders had not been legitimately sold and that they were not paid on presentation to his company.

Richard N. Minich, who was indicted jointly with Bedgood and another codefendant Ann Watts, testified for the Government. Minich was not on trial because he had indicated that he would plead guilty. Watts was tried with Bedgood. Minich testified that Bedgood approached him and showed him certain money orders at the Sands Motel, Savannah Beach, Georgia. The manager of the Sands Motel stated that he had seen Minich, Bedgood and Watts at the motel during the period between October and December 1970. Minich made a positive courtroom identification of Bedgood whom he had known for some time. Minich cashed money orders obtained from Bedgood, turning the proceeds over to Bedgood. Bedgood furnished Minich with a valid chauffeur's license in the name of "John Russon" which was used by Minich to cash the money orders. Mr. Russon testified that he had lost the license in the early part of December 1970. Additionally, the records of West-

ern Union in Savannah, Georgia, showed that on December 14, 1970, a money order for $50 and a message were sent to "John Nelson Smith" at the Holden Hotel in Dayton, Ohio. The message said, "Meet you at 1:30 tonight." It was signed "Ray." Minich testified that he received the telegram in Dayton where he was staying at the Holden Hotel, registered under the name of "John Nelson Smith." All of these facts incriminated Bedgood in the scheme.

On appeal, Bedgood assigns error on the part of the Trial Court in failing to grant his motion for a judgment of acquittal on the ground that the money orders involved were "genuine," needing only a signature and the name of the payee to make them negotiable. Therefore, he argues, they were not "falsely made, forged, altered, or counterfeited" within the meaning of Section 2314. Secondly, he claims that the Trial Court erred in permitting the Government to cross-examine him concerning certain prior convictions. Finally, Bedgood contends that the Trial Court erred in denying his motion for a severance. All of these claims of error are without merit.

■ Bedgood argues that insertion of necessary information into blank portions of otherwise genuine money orders by a person who has not purchased them does not constitute a violation of Section 2314. Rather, he asserts that here there was a "forged endorsement of a genuine traveler's check rather than a forged security and that such forged endorsement was not included in the prohibition of Paragraph Three (3) of Section 2314, United States Code." We expressly rejected this contention in Gearing v. United States, 5 Cir., 1970, 432 F.2d 1038, cert. denied, 401 U.S. 980, 91 S.Ct. 1213, 28 L.Ed.2d 331 (1971).[1] See also Castle v. United States, 5 Cir., 1961, 287

F.2d 657; United States v. Smith, 6 Cir., 1970, 426 F.2d 275, 276. Cf. United States v. DiPietto, 7 Cir., 1968, 396 F.2d 283. There is sufficient evidence in the record to support Bedgood's conviction under Section 2314.

■ Bedgood also complains that the District Court erred in permitting cross-examination as to his past criminal record, particularly with regard to three prior felony convictions, one federal conviction for interstate transportation of falsely made securities, another federal conviction for interstate transportation of a stolen motor vehicle, and finally, a state conviction for forgery. In United States v. Saitta, 5 Cir., 1971, 443 F.2d 830, we noted that "The law is clear in this circuit that any witness, including a defendant who elects to testify, can be discredited by a showing of prior felony convictions or misdemeanor convictions involving moral turpitude." Id. at 831. See also Bendelow v. United States, 5 Cir., 1969, 418 F.2d 42, 49, cert. denied, 400 U.S. 967, 91 S.Ct. 379, 27 L.Ed.2d 387 (1970); Taylor v. United States, 5 Cir., 1960, 279 F.2d 10, 12; Daniel v. United States, 5 Cir., 1959, 268 F.2d 849, 852–853; Roberson v. United States, 5 Cir., 1957, 249 F.2d 737, 741; Kemp v. Government of Canal Zone, 5 Cir., 1948, 167 F.2d 938, 940; Williams v. United States, 5 Cir., 1931, 46 F.2d 731, 732. Cf. United States v. Justice, 5 Cir., 1970, 431 F.2d 30, 32; Beaudine v. United States, 5 Cir., 1966, 368 F.2d 417, 421. The District Court did not abuse its discretion in permitting cross-examination of Bedgood on his prior convictions. Cf. Luck v. United States, 1965, 121 U.S.App.D.C. 151, 348 F.2d 763.

■ Appellant's final assertion of error concerns the Trial Court's refusal to

---

1. In *Gearing*, we appended the Trial Court's opinion to our decision, approving its contents. The District Judge stated that

"In any event, it seems clear that the insertion of the name of the payee on any money order, Travelers' check, or similar security, is necessary to make it complete. When it is completed by the insertion of a fictitious payee, the security, which may have been perfectly genuine in its original form becomes illegitimate and, therefore, falsely made."
432 F.2d at 1041.

grant him a severance. As to codefendant Minich, the issue became moot when the Government chose not to proceed against him, anticipating his plea of guilty. As to codefendant Watts, who was tried with Bedgood, we discern no abuse in the Trial Court's discretion in refusing to grant the requested severance. See Fed.R.Crim.P. Rule 14; Opper v. United States, 348 U.S. 84, 75 S. Ct. 158, 99 L.Ed. 101 (1954); Oden v. United States, 5 Cir., 1969, 410 F.2d 103, 104, cert. denied Lacy v. United States, 396 U.S. 839, 863, 90 S.Ct. 100, 138, 24 L.Ed.2d 90 (1969); United States v. Blanchette, 5 Cir., 1972, 453 F.2d 859; Milam v. United States, 5 Cir., 1963, 322 F.2d 104; Garcia v. United States, 5 Cir., 1963, 315 F.2d 679. Bedgood claims that statements by the other codefendants were prejudicial to him; that they were inadmissible against him but "would nevertheless spill over and be prejudicial to him." Appellant has failed to demonstrate any such prejudice, and none appears from our own examination of the record. Wright v. United States, 5 Cir., 1968, 403 F.2d 43, 44.

Affirmed.