**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jack Harold HALFEN, Defendant-Appellant.**

**No. 72–1821**

**Summary Calendar.**[*]

United States Court of Appeals, Fifth Circuit.

Sept. 11, 1972.

John Oliver, San Antonio, Tex., for defendant-appellant.

William S. Sessions, U. S. Atty., San Antonio, Tex., Henry J. Novak, Jr., Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

---

[*] Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New

York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

The appellant, Jack Harold Halfen, having waived trial by jury, was adjudged guilty on a two-count indictment charging him with causing the interstate transportation of falsely made and forged money orders in violation of 18 U.S.C. § 2314. The government produced evidence at the trial showing that Halfen had endorsed and negotiated two money orders allegedly stolen from a bank in the name of "Byron J. Epstein," using for identification a stolen driver's license and stolen credit cards bearing Epstein's name. We affirm the conviction.

█ On this appeal Halfen first contends that the evidence was insufficient to establish that the money orders were falsely made and forged within the meaning of the statute. He cites United States v. Smith, 6 Cir. 1970, 426 F.2d 275, for the proposition that blank money orders stolen from a bank are not obligations on the part of the issuing company, and that therefore subsequent completion of the money orders cannot constitute false making or forgery. We find no support for this proposition in *Smith*. To the contrary, the *Smith* case held that completion of blank money orders by insertion of the information necessary to create an obligation constituted a false making within the meaning of the statute.

█ Halfen further argues that what he characterizes as highly prejudicial newspaper and television publicity tainted his trial by compelling him to waive his right to jury trial, for fear of being unable to select an impartial panel. No indication appears on the record that Halfen attempted to obtain a change of venue. Our examination of this record, moreover, compels the conclusion that there was no such prejudicial publicity as to constitute a denial of constitutional rights. The adverse publicity in this case consisted largely of several references to the appellant in a San Antonio newspaper, linking him with the Mafia. There was no such "saturation of publicity" as was present in those cases which have found denials of the right to a fair trial due to prejudicial publicity. *See, e. g.,* Sheppard v. Maxwell, 1966, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600; Williams v. Dutton, 5th Cir. 1968, 400 F.2d 797, cert. denied, 1969, 393 U.S. 1105, 89 S.Ct. 908, 21 L.Ed.2d 799.

Halfen raises several other issues on this appeal. He asserts that the government's evidence was obtained in violation of the Fourth Amendment; that he was illegally kidnapped in British Honduras and transported to this country; and that he was denied the right to bail. We have examined these contentions and find them to be without merit.

The judgment of the district court is affirmed.